# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

---

District Court Case Number CV 09-05045-MMM

---

## GINGER ROOT OFFICE ASSOCIATES, LLC
*Defendant - Appellant,*

*vs.*

## DAVID Y. FARMER, CHAPTER 7 TRUSTEE
*Plaintiff - Respondent.*

---

On Appeal from Summary Judgment, of the
United States Bankruptcy Court
For the Central District of California

---

## APPELLANT'S APPENDIX

---

COX, CASTLE & NICHOLSON LLP
Preston W. Brooks (State Bar No. 152439)
Susan S. Davis (State Bar No. 125854)
2049 Century Park East, 28th Floor
Los Angeles, CA  90067-3284
Telephone:  (310) 277-4222
Facsimile:  (310) 277-7889
Attorneys for Appellant
GINGER ROOT OFFICE ASSOCIATES, LLC

# CHRONOLOGICAL INDEX TO APPELLANT'S INDEX

| Tab No. | Date Filed | Docket No. | Document | Page No. |
|---|---|---|---|---|
| 1. | 02/03/09 | 1 | Complaint for Declaratory Relief (David Y. Farmer) | AA00008-AA00014 |
| 2. | 02/10/09 | 3 | Summons and Notice of Status Conference (David Y. Farmer) | AA00015-AA00018 |
| 3. | 02/26/09 | 4 | Plaintiff David Y. Farmer's Motion for Summary Judgment; Memorandum of Points and Authorities; Declarations of Joseph M. Sholder and Georgiana G. Rodiger | AA00019-AA00072 |
| 4. | 02/26/09 | 5 | Proposed Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment (David Y. Farmer) | AA00073-AA00079 |
| 5. | 02/27/09 | 6 | Order Setting Hearing Re Motion for Summary Judgment | AA00080-AA00083 |
| 6. | 03/12/09 | 8 | Answer to Complaint for Declaratory Relief (Ginger Root Office Associates, LLC) | AA00084-AA00091 |
| 7. | 03/19/09 | 9 | Stipulation to Continue Response and Hearing Dates in Connection with Motion for Summary Judgment | AA00092-AA00110 |
| 8. | 03/23/09 | 10 | Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities in Support Thereof (Ginger Root Office Associates, LLC) | AA00111-AA00130 |
| 9. | 03/23/09 | 11 | Ginger Root's (1) Response to the Trustee's Separate Statement of Uncontroverted Facts and Conclusions of Law; and (2) Statement of Genuine Issues of Fact and Conclusions of Law (Ginger Root Office Associates, LLC) | AA00131-AA00153 |

1

| Tab No. | Date Filed | Docket No. | Document | Page No. |
|---|---|---|---|---|
| 10. | 03/23/09 | 12 | Declaration of Allison M. Lynch in Support of Ginger Root's Opposition to Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00154-AA00200 |
| 11. | 03/23/09 | 13 | Declaration of Keith B. Walker in Support of Ginger Root's Opposition to the Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00201-AA00203 |
| 12. | 03/30/09 | 15 | Ginger Root Office Associates, LLC's Cross-Motion for Summary Judgment; Memorandum of Points and Authorities In Support Thereof | AA00204-AA00221 |
| 13. | 03/30/09 | 16 | Declaration of Keith B. Walker in Support of Ginger Root Associates, LLC's Cross-Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00222-AA00269 |
| 14. | 03/30/09 | 17 | Declaration of Allison M. Lynch in Support of Ginger Root Office Associates, LLC's Cross-Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00270-AA00292 |
| 15. | 03/30/09 | 18 | Ginger Root Office Associates, LLC's Proposed Separate Statement of Uncontroverted Statement of Uncontroverted Facts and Conclusions of Law in Support of Cross-Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00293-AA00306 |
| 16. | 04/02/09 | 19 | Plaintiff David Y. Farmer's Reply Memorandum of Points and Authorities in Support of Motion for Summary Judgment (David Y. Farmer) | AA00307-AA00315 |

| Tab No. | Date Filed | Docket No. | Document | Page No. |
|---------|-----------|-----------|----------|----------|
| 17. | 04/02/09 | 20 | Order Approving Stipulation and Setting Hearing Re Plaintiff's Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00316-AA00319 |
| 18. | 05/28/09 | 23 | Plaintiff David Y. Farmer's Opposition to Defendant's Motion for Summary Judgment | AA00320-AA00324 |
| 19. | 05/28/09 | 24 | Plaintiff David Y. Farmer's Statement of Genuine Issues | AA00325-AA00328 |
| 20. | 06/12/09 | 25 | Ginger Root Office Associates, LLC's Reply in Support of Motion for Summary Judgment | AA00329-AA00335 |
| 21. | 06/26/09 | 26 | Summary Judgment | AA00336-AA00338 |
| 22. | 07/02/09 | 28 | Notice of Appeal from Summary Judgment | AA00339-AA00344 |
| 23. | 07/02/09 | 29 | Statement of Election to Have Appeal Transferred to and Heard by the United States District Court Pursuant to 28 U.S.C. § 158(c) Re Notice of Appeal from Summary Judgment | AA00345-AA00346 |
| 24. | 07/02/09 | 30 | Notice of Related Case | AA00347-AA00348 |
| 25. | 07/09/09 | 31 | Notice of Referral of Appeal to U.S. District Court, Central District of California | AA00349-AA00351 |
| 26. | 07/21/09 | | Transcript of Proceedings Before The Honorable Robin Riblet United States Bankruptcy Judge  (June 26, 2009) | AA00352-AA00371 |

# ALPHABETICAL INDEX TO APPELLANT'S INDEX

| Tab No. | Date Filed | Docket No. | Document | Page No. |
|---|---|---|---|---|
| 6. | 03/12/09 | 8 | Answer to Complaint for Declaratory Relief (Ginger Root Office Associates, LLC) | AA00084-AA00091 |
| 1. | 02/03/09 | 1 | Complaint for Declaratory Relief (David Y. Farmer) | AA00008-AA00014 |
| 14. | 03/30/09 | 17 | Declaration of Allison M. Lynch in Support of Ginger Root Office Associates, LLC's Cross-Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00270-AA00292 |
| 10. | 03/23/09 | 12 | Declaration of Allison M. Lynch in Support of Ginger Root's Opposition to Motion for Summary Judgment  (Ginger Root Office Associates, LLC) | AA00154-AA00200 |
| 13. | 03/30/09 | 16 | Declaration of Keith B. Walker in Support of Ginger Root Associates, LLC's Cross-Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00222-AA00269 |
| 11. | 03/23/09 | 13 | Declaration of Keith B. Walker in Support of Ginger Root's Opposition to the Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00201-AA00203 |
| 12. | 03/30/09 | 15 | Ginger Root Office Associates, LLC's Cross-Motion for Summary Judgment; Memorandum of Points and Authorities In Support Thereof | AA00204-AA00221 |
| 15. | 03/30/09 | 18 | Ginger Root Office Associates, LLC's Proposed Separate Statement of Uncontroverted Statement of Uncontroverted Facts and Conclusions of Law in Support of Cross-Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00293-AA00306 |

4

| Tab No. | Date Filed | Docket No. | Document | Page No. |
|---|---|---|---|---|
| 20. | 06/12/09 | 25 | Ginger Root Office Associates, LLC's Reply in Support of Motion for Summary Judgment | AA00329-AA00335 |
| 9. | 03/23/09 | 11 | Ginger Root's (1) Response to the Trustee's Separate Statement of Uncontroverted Facts and Conclusions of Law; and (2) Statement of Genuine Issues of Fact and Conclusions of Law (Ginger Root Office Associates, LLC) | AA00131-AA00153 |
| 22. | 07/02/09 | 28 | Notice of Appeal from Summary Judgment | AA00339-AA00344 |
| 25. | 07/09/09 | 31 | Notice of Referral of Appeal to U.S. District Court, Central District of California | AA00349-AA00351 |
| 24. | 07/02/09 | 30 | Notice of Related Case | AA00347-AA00348 |
| 8. | 03/23/09 | 10 | Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities in Support Thereof (Ginger Root Office Associates, LLC) | AA00111-AA00130 |
| 17. | 04/02/09 | 20 | Order Approving Stipulation and Setting Hearing Re Plaintiff's Motion for Summary Judgment (Ginger Root Office Associates, LLC) | AA00316-AA00319 |
| 5. | 02/27/09 | 6 | Order Setting Hearing Re Motion for Summary Judgment | AA00080-AA00083 |
| 3. | 02/26/09 | 4 | Plaintiff David Y. Farmer's Motion for Summary Judgment; Memorandum of Points and Authorities; Declarations of Joseph M. Sholder and Georgiana G. Rodiger | AA00019-AA00072 |

| Tab No. | Date Filed | Docket No. | Document | Page No. |
|---------|-----------|-----------|----------|----------|
| 16. | 04/02/09 | 19 | Plaintiff David Y. Farmer's Reply Memorandum of Points and Authorities in Support of Motion for Summary Judgment (David Y. Farmer) | AA00307-AA00315 |
| 19. | 05/28/09 | 24 | Plaintiff David Y. Farmer's Statement of Genuine Issues | AA00325-AA00328 |
| 18. | 05/28/09 | 23 | Plaintiff David Y. Farmer's Opposition to Defendant's Motion for Summary Judgment | AA00320-AA00324 |
| 4. | 02/26/09 | 5 | Proposed Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment (David Y. Farmer) | AA00073-AA00079 |
| 23. | 07/02/09 | 29 | Statement of Election to Have Appeal Transferred to and Heard by the United States District Court Pursuant to 28 U.S.C. § 158(c) Re Notice of Appeal from Summary Judgment | AA00345-AA00346 |
| 7. | 03/19/09 | 9 | Stipulation to Continue Response and Hearing Dates in Connection with Motion for Summary Judgment | AA00092-AA00110 |
| 21. | 06/26/09 | 26 | Summary Judgment | AA00336-AA00338 |
| 2. | 02/10/09 | 3 | Summons and Notice of Status Conference (David Y. Farmer) | AA00015-AA00018 |
| 26. | 07/21/09 | | Transcript of Proceedings Before The Honorable Robin Riblet United States Bankruptcy Judge (June 26, 2009) | AA00352-AA00371 |

6

[PAGE INTENTIONALLY LEFT BLANK]

**1**

1   MICHAELSON, SUSI & MICHAELSON          (SPACE BELOW FOR FILING STAMP ONLY)
         A Professional Corporation
2              ATTORNEYS AT LAW
      SEVEN WEST FIGUEROA STREET, SECOND FLOOR
3      SANTA BARBARA, CALIFORNIA 93101-3191
            Telephone:  (805) 965-1011
            Facsimile:  (805) 965-7351
4
      Joseph M. Sholder, Bar No. 126347
5

6   Attorneys for Chapter 7 Trustee, David Y. Farmer

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

10

11                                   )   BK No. ND 08-11392-RR
    In re                            )
12                                   )   Chapter 7
    ADVANCED PACKAGING & PRODUCTS     )
13  COMPANY,                         )   ADV. NO.
                                     )
14              Debtor.              )   COMPLAINT FOR DECLARATORY
                                     )   RELIEF
15  _____ )
                                     )
16  DAVID Y. FARMER, Chapter 7       )
    Trustee,                         )   Date:    To be Set
17                                   )   Time:    To be Set
                Plaintiff,           )   Place:   1415 State Street
18                                   )            Courtroom 201
                                     )            Santa Barbara, CA
19  vs.                              )
                                     )
20  GINGER ROOT OFFICE               )
    ASSOCIATES, LLC,                 )
21                                   )
                Defendant.           )
22                                   )
                                     )
23  _____ )

24

25              JURISDICTION

26      1.   This court has jurisdiction over this adversary

27  proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §§

28  157(b)(2)(A) and (O).

                        - 1 -

AA00008

## THE PARTIES

2.   Debtor Advanced Packaging & Products Company ("APP") commenced this bankruptcy case by filing a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on June 18, 2008.

3.   Plaintiff, David Y. Farmer, is the duly appointed, qualified and acting trustee in this Chapter 7 case.

4.   Plaintiff is informed and believes, and based thereon alleges, that Defendant Ginger Root Office Associates, LLC ("Ginger Root") is a California limited liability company. Ginger Root is a creditor in APP's bankruptcy case having filed an unsecured proof of claim for $2,794,185.11.

## GENERAL ALLEGATIONS

5.   Plaintiff is informed and believes, and based thereon alleges, that APP leased real property located at 16131 South Maple Avenue, Gardena, California (the "Property"), from Ginger Root from 1989 to 2007.

6.   Plaintiff is informed and believes, and based thereon alleges, that Ginger Root contends that APP conducted business operations on the Property consisting of manufacturing, assembling, packaging, mixing, distributing, and warehousing paint, paint supplies, aerosol, and related materials.

7.   Plaintiff is informed and believes, and based thereon alleges, that Ginger Root contends that APP's activities on the Property resulted in the release of hazardous substances to the soil and groundwater at the Property.

8.   Plaintiff is informed and believes that Ginger Root filed a cross-complaint which is currently pending in the Los Angeles County Superior Court as case number YC052715 (the

-2-

AA00009

1  "State Court Action") against APP and the following affiliates

2  of APP: PJH Brands, a Nevada corporation, PJH Brands, Inc., an

3  Arizona corporation, and Steven Joseph Renshaw (collectively,

4  the "Affiliates").

5       9.   Plaintiff is informed and believes, and based thereon

6  alleges, that Ginger Root's cross-complaint in the State Court

7  Action seeks, among other things, indemnity from APP and the

8  Affiliates based upon APP's alleged contamination of the

9  Property as alleged in paragraph 7 of this complaint.

10      10.  Plaintiff is informed and believes, and based thereon

11 alleges, that Ginger Root's claims against the Affiliates are

12 based upon Ginger Root's contention that the Affiliates are

13 liable for APP's alleged contamination of the Property because

14 the Affiliates are APP's alter egos ("the Alter Ego Claim").

15      11.  Plaintiff is informed and believes, and based thereon

16 alleges, that Ginger Root filed a complaint in the United

17 States District Court for the Central District of California

18 which is currently pending as case number CV07-05568

19 MMM(CTx)(the "Federal Court Action") against APP and the

20 Affiliates.

21      12.  Plaintiff is informed and believes, and based thereon

22 alleges, that Ginger Root's complaint in the Federal Court

23 Action seeks, among other things, damages from APP and the

24 Affiliates based upon APP's alleged contamination of the

25 Property as alleged in paragraph 7 of this complaint.

26      13.  Plaintiff is informed and believes, and based thereon

27 alleges, that Ginger Root asserts the Alter Ego Claim against

28 the Affiliates in the Federal Court Action.

-3-

AA00010

1     14.  APP's amended Schedule B filed in APP's bankruptcy

2  case lists as an asset "Alter Ego Claim" with a value of

3  $325,000.  Plaintiff is informed and believes, and based

4  thereon alleges, that the alter ego claim scheduled by APP and

5  the Alter Ego Claim are in fact the same claim and are both

6  based upon the same allegation:  that the Affiliates are liable

7  as alter egos for APP's alleged contamination of and damage to

8  the Property.

9                <u>CLAIM FOR DECLARATORY RELIEF</u>

10     15.  Plaintiff incorporates by this reference paragraphs 1

11  through 16 of this complaint.

12     16.  The Alter Ego Claim is property of this bankruptcy

13  estate within the meaning of 11 U.S.C. §541(a)(1).

14     17.  Plaintiff is informed and believes, and based thereon

15  alleges, that Ginger Root contends that the Alter Ego Claim is

16  not property of this bankruptcy estate within the meaning of 11

17  U.S.C. §541(a)(1).

18     18.  Plaintiff seeks a declaratory judgment of this court

19  resolving the controversy between Plaintiff and Ginger Root

20  establishing that the Alter Ego Claim is property of this

21  bankruptcy estate within the meaning of 11 U.S.C. §541(a)(1).

22

23

24

25

26

27

28

AA00011

1   WHEREFORE, Plaintiff prays for a judgment as follows:

2   1. That the Alter Ego Claim is property of this

3 bankruptcy estate within the meaning of 11 U.S.C. §541(a)(1).

4   2. For such other and further relief as the court deems

5 just and proper.

6   DATED:  February 3 , 2009.

7

8         MICHAELSON, SUSI & MICHAELSON
          A Professional Corporation

9

10        By

11         JOSEPH M. SHOLDER, Attorneys
          for David Y. Farmer, Chapter 7

12         Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AA00012

B104 (FORM 104) (08/07)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| David Y. Farmer, Chapter 7 Trustee | Ginger Root Office Associates, LLC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Joseph M. Sholder<br>Michaelson, Susi & Michaelson<br>7 West Figueroa Street, 2nd Floor<br>Santa Barbara, CA  93101<br>(805) 965-1011 | Susan S. Davis/Preston W. Brooks<br>Cox, Castle & Nicholson LLP<br>2049 Century Park East, 28th Floor<br>Los Angeles, CA  90067-3284<br>(310) 277-4222 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor   [ ] Other<br>[ ] Trustee | [ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor   [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR DECLARATORY RELIEF

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[X] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B104

AA00013

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ADVANCED PACKAGING & PRODUCTS COMPANY | BANKRUPTCY CASE NO.<br>ND 08-11392-RR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>NORTHERN | NAME OF JUDGE<br>HON. ROBIN L. RIBLET |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>February 3, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joseph M. Sholder | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

AA00014

2

1    MICHAELSON, SUSI & MICHAELSON        (SPACE BELOW FOR FILING STAMP ONLY)

A Professional Corporation

2            ATTORNEYS AT LAW

SEVEN WEST FIGUEROA STREET, SECOND FLOOR

3    SANTA BARBARA, CALIFORNIA 93101-3191

Telephone:  (805) 965-1011

Facsimile:  (805) 965-7351

4

Joseph M. Sholder, Bar No. 126347

5

6  Attorneys for Chapter 7 Trustee, David Y. Farmer

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

10

| | |
|---|---|
| 11 | ) BK No. ND 08-11392-RR |
| 12  In re | ) |
| | ) Chapter 7 |
| 13  ADVANCED PACKAGING & PRODUCTS COMPANY, | ) |
| | ) ADV. NO. 09-01021 |
| 14             Debtor. | ) PLAINTIFF DAVID Y. FARMER'S |
| 15 | ) MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND |
| | ) AUTHORITIES; DECLARATIONS OF |
| 16  DAVID Y. FARMER, Chapter 7 | ) JOSEPH M. SHOLDER AND |
|      Trustee, | ) GEORGIANA G. RODIGER |
| 17 | ) |
| 18         Plaintiff, | ) |
| | ) Date:  To be Set |
| 19  vs. | ) Time:  To be Set |
| 20  GINGER ROOT OFFICE | ) Place: 1415 State Street |
|      ASSOCIATES, LLC, | )       Courtroom 201 |
| 21 | )       Santa Barbara, CA |
| 22         Defendant. | ) |
| 23 | ) |

24

25

26

27

28

- 1 -

AA00019

1     Plaintiff, David Y. Farmer (the "Trustee"), chapter 7

2    trustee of debtor Advanced Packaging & Products Company

3    ("APP"), pursuant to Fed.R.Civ.P 56, Fed.R.Bankr.P 7056 and

4    Local Bankruptcy Rule 7056-1, moves for summary judgment on the

5    Trustee's claim for relief seeking a declaratory judgment that

6    alter ego claims (the "Alter Ego Claims") asserted by Defendant

7    Ginger Root Office Associates, LLC ("Ginger Root") against

8    affiliates of APP (the "APP Affiliates")  are assets of this

9    bankruptcy estate pursuant to 11 U.S.C. §541(a)(1).

10                **MEMORANDUM OF POINTS AND AUTHORITIES**

11   **A.    Introduction and Summary of Argument.**

12        The sole issue in this case is whether the Alter Ego

13   Claims are property of APP's bankruptcy estate within the

14   meaning of 11 U.S.C. §541(a).  This is an issue of law

15   requiring this court to determine whether the Alter Ego Claims

16   are "generalized" or "particularized" alter ego claims.  See

17   CBS, Inc. v. Folks (In re Folks), 211 B.R. 378, 385 (9th Cir.

18   BAP 1997)(noting that California recognizes these two types of

19   alter ego claims).  Generalized alter ego claims belong to the

20   estate; particularized alter ego claims do not.  Id. at 387,

21   388.

22        Generalized alter ego claims are based upon acts of

23   corporate insiders that harm the corporation and, vicariously,

24   each of its creditors.  Id. at 387.  The classic case is where

25   corporate insiders misuse the corporation's assets or corporate

26   existence so the corporation is unable to pay its creditors.

27   In contrast, particularized alter ego claims are based upon

28   acts of corporate insiders that target and cause direct harm to

                                   -2-

AA00020

1  a specific creditor.  An example would be where corporate

2  insiders participate in a tort that harms a specific creditor.

3      Ginger Root's own pleadings establish as a matter of law

4  that the Alter Ego Claims are generalized alter ego claims

5  because Ginger Root alleges that the APP Affiliates misused

6  APP's assets and corporate form, harming APP and, vicariously,

7  all APP's creditors, not just Ginger Root.  See Ginger Root's

8  First Amended Cross-Complaint in L.A. County Superior Court

9  Case No. YC052715 at ¶10, Bates stamped pages 18-19, a true and

10 correct copy of which is attached hereto as Exhibit "1."

11     For these reasons, the Trustee's motion should be granted.

12 **B.**    **Facts.**

13     1.    **The Parties.**

14     APP filed its voluntary Chapter 7 Petition on June 18,

15 2008.  Declaration of Joseph M. Sholder at ¶3.  The Trustee is

16 the duly appointed, qualified and acting trustee in this

17 Chapter 7 case.  Id. at ¶3.

18     The APP Affiliates are PJH Brands, Inc., an Arizona

19 corporation ("PJH-AZ") which is allegedly the parent company of

20 APP; PJH Brands, a Nevada corporation (("PJH-NV") which

21 allegedly has a controlling or managerial interest in APP

22 and/or PJH-AZ; and Steven Renshaw, allegedly the president,

23 officer or manager of APP and an employee of PJH-AZ and/or PJH-

24 NV.  Ginger Root's First Amended Cross-Complaint in L.A. County

25 Superior Court Case No. YC052715 at ¶¶3-5, Bates stamped pages

26 16-17, a true and correct copy of which is attached hereto as

27 Exhibit "1."

28

-3-

AA00021

1    Ginger Root is a creditor in APP's bankruptcy case having

2  filed an unsecured proof of claim for $2,794,185.11.

3  Declaration of Joseph M. Sholder at ¶4.

4         **2.    The Relationship Between APP and Ginger Root.**

5    APP leased real property located at 16131 South Maple

6  Avenue, Gardena, California (the "Property"), from Ginger

7  Root's predecessor from 1989 to 2004, and then leased the

8  Property from Ginger Root until 2007.  APP conducted business

9  operations on the Property consisting of manufacturing,

10  assembling, packaging, mixing, distributing, and warehousing

11  paint, paint supplies, aerosol, and related materials.  Ginger

12  Root's First Amended Cross-Complaint in L.A. County Superior

13  Court Case No. YC052715 at ¶¶24-25, Bates stamped pages 21-22,

14  a true and correct copy of which is attached hereto as Exhibit

15  "1."

16    Ginger Root contends that APP's activities on the Property

17  resulted in the release of hazardous substances to the soil and

18  groundwater at the Property which damaged Ginger Root and gave

19  rise to all manner of claims against APP and, on alter ego

20  grounds, against the APP Affiliates.  Ginger Root's First

21  Amended Cross-Complaint in L.A. County Superior Court Case No.

22  YC052715 at ¶¶10 and 33-71, Bates stamped pages 18-19 and 23-

23  33, a true and correct copy of which is attached hereto as

24  Exhibit "1."

25         **3.    Ginger Root's State and Federal Court Complaints.**

26    Ginger Root filed a cross-complaint which is currently

27  pending in the Los Angeles County Superior Court as case number

28  YC052715 (the "State Court Action") against APP and the APP

-4-

AA00022

1  Affiliates.  See Ginger Root's First Amended Cross-Complaint in
2  L.A. County Superior Court Case No. YC052715, a true and
3  correct copy of which is attached hereto as Exhibit "1."
4  Ginger Root's cross-complaint in the State Court Action seeks,
5  among other things, indemnity from APP and the APP Affiliates,
6  (except Renshaw who was dismissed from this lawsuit) as alter
7  egos of APP, based upon APP's alleged contamination of the
8  Property.  Id. at ¶¶20-30, Bates stamped pages 19-23.
9       Ginger Root's alter ego allegations are classic
10  generalized alter ego allegations: (1) APP was insufficiently
11  capitalized; (2) the APP affiliates used APP's assets for their
12  own purposes; (3) APP was a mere shell or conduit through which
13  the APP Affiliates conducted their business; (4) the APP
14  Affiliates exercised complete control over APP; and (5) APP's
15  corporate formalities were not observed.  See Ginger Root's
16  First Amended Cross-Complaint in L.A. County Superior Court
17  Case No. YC052715 at ¶10, Bates stamped pages 18-19, a true and
18  correct copy of which is attached hereto as Exhibit "1."
19       Ginger Root also filed a complaint in the United States
20  District Court for the Central District of California which is
21  currently pending as case number CV07-05568 MRP (the "Federal
22  Court Action") against APP and the APP Affiliates.
23  Ginger Root's complaint in the Federal Court Action seeks,
24  among other things, damages from APP, Renshaw and PJH-AZ based
25  upon APP's alleged contamination of the Property.  See Ginger
26  Root's Complaint in the United States District Court for the
27  Central District of California Case No. CV07-05568 MRP, a true
28  and correct copy of which is attached hereto as Exhibit "2."

-5-

AA00023

1  Renshaw was sued as an officer of APP and he has been dismissed

2  from this lawsuit.  Declaration of Georgiana G. Rodiger at ¶5.

3  PJH-AZ has been sued on alter ego grounds. See Ginger Root's

4  Complaint in the United States District Court for the Central

5  District of California Case No. CV07-05568 MRP at ¶14, Bates

6  stamped page 42, a true and correct copy of which is attached

7  hereto as Exhibit "2."

8  C.   Argument.

9       The are no genuine issues of material fact in this case

10 because the material facts are all based upon Ginger Root's

11 pleadings in the State Court Action and the Federal Court

12 Action.  The Trustee is entitled to judgment as a matter of law

13 because, as pled, the Alter Ego Claims are generalized alter

14 ego claims that are property of APP's bankruptcy estate.

15      1.   **Generalized Alter Ego Claims are Estate Property.**

16      State law determines who has standing to assert an alter

17 ego claim against a bankrupt corporation.  CBS, Inc. v. Folks,

18 supra, 211 B.R. at 384-85.  APP is incorporated in California.

19 See Declaration of Georgiana G. Rodiger at ¶6.  Therefore,

20 California law is controlling.

21      California recognizes two types of alter ego claims:

22 generalized and particularized.  In re Folks, supra, 211 B.R.

23 at 385.  Where the injury is to the corporation itself and

24 gives rise to a general alter ego claim, the alter ego claim is

25 for the benefit of the corporation and is, therefore, property

26 of the bankruptcy estate.  Id. at 387, 388; see In re Davey

27 Roofing, Inc., 167 B.R. 604, 608 (Bankr.C.D.Cal.1994).

28

-6-

AA00024

1      **2.**   **A Generalized Alter Ego Claim is One Based on**

2  **Allegations of Harm to the Corporation that Can be Asserted By**

3  **Any Creditor of the Debtor; a Particularized Alter Ego Claim is**

4  **One  Based on Allegations of Direct Harm to a Particular**

5  **Creditor that No Other Creditor of the Debtor Can Assert.**

6      **i.**   **Generalized Alter Ego Claims.**

7     "A general claim exists '[i]f the liability is to all

8  creditors of the corporation without regard to the personal

9  dealings between such officers and such creditors.'" In re

10  Folks, supra, 211 B.R. at 387, quoting Koch Refining v. Farmers

11  Union Cent. Exch., 831 F.3d 1339, 1349 (7th Cir. 1987), cert.

12  denied, 485 U.S. 906 (1988).  In other words, "allegations that

13  could be asserted by any creditor" are claims that a bankruptcy

14  trustee may bring on behalf of all the creditors.   Koch

15  Refining v. Farmers Union Cent. Exch., supra, 831 F.3d at 1348-

16  49.

17     Alter ego claims based upon of misuse of corporate assets,

18  use of the corporation as a shell or conduit, failure to

19  respect the separate existence of a the corporation, or breach

20  of fiduciary duty to the corporation are give rise to

21  generalized alter ego claims because those claims injure the

22  creditor body as a whole and could be brought by any creditor.

23     For example, in Folks, creditor CBS, Inc. alleged that the

24  debtor, as the alter ego of his corporation, "failed to observe

25  any corporate formalities . . . and used bank accounts and

26  funds [of the corporation] for personal and family

27  expenditures." In re Folks, supra, 211 B.R. at 387.  The BAP

28  found that the claim was a generalized alter ego claim "because

AA00025

1  all creditors are affected and no particularized injury to CBS

2  exists." Id.

3      In Davey Roofing, the creditor alleged that the debtor's

4  principal misappropriated for his own benefit corporate assets

5  thereby injuring all the debtor's creditors rather than any

6  individual creditor.  The court held that the estate was the

7  proper party to bring these claims.  In re Davey Roofing, Inc.,

8  supra, 167 B.R. at 608.

9      In Koch, a case heavily relied upon by the BAP in Folks,

10 oil companies who were preference defendants asserted alter ego

11 claims against the debtor-corporation's members.  831 F.2d at

12 1340-41.  The Seventh Circuit held those claims were

13 generalized claims belonging to the bankruptcy estate.  Id. at

14 1349-50.  In doing so, the Koch court looked "to the injury for

15 which relief is sought" and considered "whether it is peculiar

16 and personal to the claimant or common to the corporation and

17 the creditors."  Id. at 1349.  The two allegations of injury

18 were that the members misused the debtor's corporate form and

19 manipulated the debtor to the detriment of the oil companies.

20 Id.  The Seventh Circuit observed that these injuries were "to

21 the corporation directly and to the oil companies indirectly"

22 and that the oil companies had alleged nothing that is

23 "personal and peculiar to them and not shared by [the debtor's

24 creditors."  Id.

25      ii.  **Particularized Alter Ego Claims.**

26     Particularized alter ego claims are based upon allegations

27 that a corporate insider caused direct harm to a creditor.

28 Variable-Parameter Fixture Development Corporation v. Morpheus

-8-

1  Lights, Inc., 945 F. Supp. 603 (S.D.N.Y. 1996), provides an

2  example of an alter ego claim based upon a particularized

3  injury.

4      Variable involved a claim of patent infringement against

5  Morpheus, and an alter ego claim against Richardson, the sole

6  shareholder of Morpheus.  Id. at 605, 606.  Morpheus filed

7  chapter 11 and contended that the automatic stay also applied

8  to Richardson because Variable's claim against Richardson was a

9  generalized alter ego claim and, therefore, property of

10  Morpheus' bankruptcy estate.  Id. at 606-07.  Morpheus relied

11  upon the Davey Roofing analysis in support of its argument.

12  Id. at 607.

13      The Variable court held that the bankruptcy filing did not

14  stay the suit against Richardson.  Id. at 608.  It accepted the

15  Davey Roofing analysis, but held Davey Roofing was inapposite

16  because Variable's claims against Richardson were

17  particularized, not generalized, alter ego claims.  Id. at 607.

18  They were particularized because Richardson allegedly had

19  "directly and actively participated in . . . willful

20  infringement [of the patent]. . . .'"  Id. at 608.  Thus,

21  unlike the facts in Davey Roofing, Richardson' actions didn't

22  cause general harm to Morpheus; "as an alter ego of Morpheus,

23  Richardson caused harm directly to Variable."  Id.

24      **3.    The Alter Ego Claims Alleged by Ginger Root are**

25          **Generalized Alter Ego Claims and are Property of**

26          **the Estate.**

27      Ginger Root's alter ego allegations against the APP

28  Affiliates mirror those in Folks, Davey Roofing and Koch: (1)

-9-

AA00027

1   APP was insufficiently capitalized; (2) the APP affiliates used
2   APP's assets for their own purposes; (3) APP was a mere shell
3   or conduit through which the affiliates conducted their
4   business; (4) the affiliates exercised complete control over
5   APP; and (5) APP's corporate formalities were not observed.
6   See Ginger Root's First Amended Cross-Complaint in L.A. County
7   Superior Court Case No. YC052715 at ¶10, Bates stamped pages
8   18-19, a true and correct copy of which is attached hereto as
9   Exhibit "1."

10       These are claims that could be brought by any other APP
11  creditor.  They allege a direct injury to APP, not to Ginger
12  Root.  The injury to Ginger Root is the same as the injury to
13  all APP's creditors: the APP Affiliates' allegedly misused of
14  APP's assets and corporate form so APP can't pay Ginger Root's
15  claims; this is the same injury suffered by the entire creditor
16  body in this case.

17       Ginger Root may attempt to confuse the issue by arguing
18  that it has a particularized claim because APP polluted its
19  Property, no other creditors' property was polluted, so Ginger
20  Root suffered unique injury.  That argument misapprehends the
21  generalized-versus-particularized-injury analysis.  As
22  demonstrated by Folks, Davey Roofing, Koch and Variable, the
23  relevant inquiry is whether the APP Affiliates injured APP by
24  misusing its corporate assets or form (in which case the alter
25  ego claims are generalized), or whether the APP affiliates
26  actively participated the acts which polluted Ginger Root's
27  Property (in which case the alter ego claims are
28  particularized).

-10-

AA00028

1       The crux of this case is that, unlike the plaintiff in
2   Variable, Ginger Root does not allege that it was directly
3   harmed in some unique way by the actions of the APP Affiliates;
4   it alleges the classic generalized alter ego claims of misuse
5   of APP's assets and corporate form.  Ginger Root's injury is
6   the same as that of APP's other creditors:  APP can't pay
7   Ginger Root's claims.
8       For these reasons, the Alter Ego Claims are property of
9   this bankruptcy estate and this court should enter a
10  declaratory judgment to that effect.
11      DATED:  February 26 , 2009.

12

13                          MICHAELSON, SUSI & MICHAELSON
                            A Professional Corporation
14

15                          By
16                          JOSEPH M. SHOLDER, Attorneys
                            for David Y. Farmer, Chapter 7
17                          Trustee

18

19

20

21

22

23

24

25

26

27

28

-11-

AA00029

## DECLARATION OF JOSEPH M. SHOLDER

I, Joseph M. Sholder, declare as follows:

1. I am counsel to the Chapter 7 Trustee for the bankruptcy estate of Advanced Packaging & Products Company ("APP").

2. Each of the following facts is of my own personal knowledge, and if called upon and sworn as a witness, I could and would competently testify thereto.

3. APP filed its voluntary Chapter 7 Petition on June 18, 2008. The Trustee is the duly appointed, qualified and acting trustee in this Chapter 7 case.

4. Ginger Root is a creditor in APP's bankruptcy case having filed an unsecured proof of claim for $2,794,185.11.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 26 day of February, 2009, at Santa Barbara, California.

JOSEPH M. SHOLDER

- 12 -

**DECLARATION OF GEORGIANA G. RODIGER**

I, Georgiana G. Rodiger, declare as follows:

1. I am an attorney at law licensed to practice in all courts in the State of California and in this court.

2. I am counsel to PJH Brands, a Nevada Corporation ("PJH-NV") in Los Angeles County Superior Court case number YC052715 (the "State Court Action") and United States District Court for the Central District of California case number CV07-05568 MRP (the "Federal Court Action"). PJH-NV is qualified to do business in Arizona as PJH Brands, Inc. so I represent both entities. As such, I have personal knowledge of the facts stated in this declaration, and could and would competently testify thereto if called upon to do so.

3. Attached hereto as Exhibit "1" is a true and correct copy of Ginger Root Office Associates, LLC's First Amended Cross-Complaint in the State Court Action.

4. Attached hereto as Exhibit "2" is a true and correct copy of Ginger Root Office Associates, LLC's Complaint in the Federal Court Action.

5. Stephen Renshaw has been dismissed as a defendant in both the State Court Action and the Federal Court Action.

6. Debtor Advanced Packaging & Products, Co. is incorporated in California.

I declare under penalty of perjury that the foregoing is true and correct.

- 13 -

AA00031

1    Dated this 25th day of February, 2009, at Pasadena,

2  California.

3

4                    _____
                     GEORGIANA G. RODIGER

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

AA00032

1  Kevin D. Smith (State Bar No. 178132)
   Matthew M. Gorman (State Bar No. 214628)
2  WOOD, SMITH, HENNING & BERMAN LLP
   505 N. Brand Blvd., Suite 1100
3  Glendale, CA 91203
   Phone: 818 551 6000 ♦ Fax: 818 551 6050
4
   Attorneys for Defendant/Cross-Complainant
5  GINGER ROOT OFFICE ASSOCIATES LLC

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 0 2006

John A. Clarke, Executive Officer/Clerk

By M. Horan, Deputy

6

7         SUPERIOR COURT OF THE STATE OF CALIFORNIA

8         COUNTY OF LOS ANGELES – SOUTHWEST DISTRICT

9  MC² ENGINEERING AND CONSULTING
   SERVICES, INC.,
10
11         Plaintiff,

12  v.

13  ADVANCED PACKAGING AND
    PRODUCTS CO., et al.,
14
           Defendants.
15
16  GINGER ROOT OFFICE ASSOCIATES
    LLC, a California limited liability company,
17
           Cross-Complainant,
18
19  v.

    ADVANCED PACKAGING AND
20  PRODUCTS CO., a California corporation;
    PJH BRANDS, a Nevada corporation;
21  PJH BRANDS, INC., an Arizona
    corporation; and
22  STEVEN JOSEPH RENSHAW, aka
    STEVE RENSHAW, an individual;
23  and
    ROES 1 through 100, inclusive,
24
           Cross-Defendants.
25

26

27

28

CASE NO. YC052715
Related to Case No.: YC053248
Complaint Filed: March 7, 2006
[Assigned for All Purposes to Judge Andrew C.
Kauffman, Dept. B]

**FIRST AMENDED CROSS-COMPLAINT
OF GINGER ROOT OFFICE
ASSOCIATES LLC FOR:**

1. **IMPLIED CONTRACTUAL
   INDEMNITY;**

2. **TOTAL INDEMNITY;**

3. **EQUITABLE INDEMNITY;**

4. **EXPRESS INDEMNITY;**

5. **CONTRIBUTION;**

6. **NEGLIGENCE (TANK LEAKAGE);**

7. **BREACH OF CONTRACT (TANK
   LEAKAGE);**

8. **NUISANCE (TANK LEAKAGE);**

9. **NEGLIGENCE (OTHER);**

10. **BREACH OF CONTRACT
    (OTHER);**

11. **NUISANCE (OTHER);**

12. **DECLARATORY RELIEF RE
    DUTY TO DEFEND;**

13. **DECLARATORY RELIEF RE
    DUTY TO INDEMNIFY;**

14. **DECLARATORY RELIEF RE
    CONTRACTUAL DUTIES.**

Trial Date: None Set

LEGAL:5685-069/769042.1                    -1-
FIRST AMENDED CROSS-COMPLAINT OF GINGER ROOT OFFICE ASSOCIATES LLC

15

**EXHIBIT "1"**

AA00033

1  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

2      COMES NOW Defendant/Cross-Complainant GINGER ROOT OFFICE

3  ASSOCIATES LLC ("Ginger Root" or "Cross-Complainant"), and for causes of action

4  against Cross-Defendants and each of them, alleges as follows:

5                    <u>GENERAL ALLEGATIONS</u>

6      1.     At all times relevant hereto, Ginger Root was a California limited liability

7  company operating within Los Angeles County, California, engaged in the business of,

8  <u>inter alia</u>, real property ownership, including ownership of that certain real property

9  commonly known as 16131 South Maple Avenue, Gardena, California  90248 (hereafter,

10  the "Property").

11      2.     Ginger Root is informed and believes, and based thereon alleges, that

12  Cross-Defendant ADVANCED PACKAGING AND PRODUCTS CO. ("APP") was, during

13  all times pertinent hereto, a California corporation operating within various jurisdictions in

14  the United States, including Los Angeles County, California, engaged in the business of

15  manufacturing, assembling, packaging, mixing, distributing, marketing, and warehousing

16  of paint, paint supplies, aerosol, and related materials.

17      3.     Ginger Root is informed and believes, and based thereon alleges, that

18  Cross-Defendant PJH BRANDS, INC. ("PJH-AZ") was and is an Arizona corporation

19  operating within various jurisdictions in the United States, including Los Angeles County,

20  California, engaged in various business activities, including but not limited to the business

21  of manufacturing, assembling, packaging, mixing, distributing, and warehousing of paint,

22  paint supplies, aerosol, and related materials, as well as general distribution and

23  marketing.  Ginger Root is further informed and believes that PJH-AZ is the parent

24  company of APP, or otherwise has a controlling ownership and/or managerial interest in

25  APP, sufficient to exercise managerial control and oversight over APP.

26      4.     Ginger Root is informed and believes, and based thereon alleges, that

27  Cross-Defendant PJH BRANDS ("PJH-NV") was and is a Nevada corporation operating

28  within various jurisdictions in the United States, including Los Angeles County, California,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 ♦ FAX 818 551 6050

LEGAL:5685-069/769042.1

-2-

FIRST AMENDED CROSS-COMPLAINT OF GINGER ROOT OFFICE ASSOCIATES LLC

16

AA00034

1  engaged in various business activities, including but not limited to the business of

2  manufacturing, assembling, packaging, mixing, distributing, and warehousing of paint,

3  paint supplies, aerosol, and related materials, as well as general distribution and

4  marketing.  Ginger Root is further informed and believes that PJH-NV is the parent

5  company of PJH-AZ and/or APP, or otherwise has a controlling ownership and/or

6  managerial interest in PJH-AZ and/or APP, sufficient to exercise managerial control and

7  oversight over PJH-AZ and/or APP.

8         5.     Ginger Root is informed and believes, and based thereon alleges, that

9  Cross-Defendant STEVEN JOSEPH RENSHAW, aka STEVE RENSHAW ("Renshaw")

10  was and is an individual who, at all times relevant hereto, was acting as the President of

11  APP and/or was an officer or manager of APP, and was employed by or related to PJH-

12  AZ and/or PJH-NV in such capacity.

13         6.     Ginger Root is informed and believes, and based thereon alleges, that

14  ENVIRONMENTAL RECOVERY SERVICES, INC., a California Corporation, dba

15  ENVIROSERV, ("ENVIROSERV") was and is a California corporation conducting

16  business in Los Angeles County and in other locations in California, but is not named as

17  a Cross-Defendant by Ginger Root herein.

18         7.     At all times herein mentioned, Cross-Defendants ROES 1 through 100,

19  which will be designated at a later date, were business entities and/or individuals of

20  unknown form and doing business in the County of Los Angeles, State of California.  In

21  addition, Ginger Root is informed and believes and thereon alleges that at all times

22  herein mentioned each of the Cross-Defendants, including APP and ROES 1 through

23  100, were the agent, partner, co-developer, joint venturer, lender, predecessor in interest,

24  successor in interest, and/or employee of one or more of the remaining

25  Cross-Defendants, and were at all times herein mentioned acting within the course and

26  scope of such agency and/or employment.

27         8.     Ginger Root is presently unaware of the true names and capacities and

28  liability of Cross-Defendants named herein as ROES 1 through 100, inclusive, and

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 9000 • FAX 818 551 8050

LEGAL:5685-069/769042.1

-3-

AA00035

1 | Ginger Root will seek leave of Court to amend this Cross-Complaint to allege their true
2 | names and capacities after the same have been ascertained.

3 |     9.     Ginger Root is informed and believes and thereon alleges that each of the
4 | Cross-Defendants, including APP, PJH-NV, PJH-AZ, Renshaw, and ROES 1 through
5 | 100, inclusive, (hereafter individually and collectively referred to as "Cross-Defendants"),
6 | dispute Ginger Root's contentions herein and are in some manner legally responsible for
7 | the acts and omissions alleged herein, and actually and proximately caused and
8 | contributed to the various injuries and damages referred to herein.

9 |     10.     Ginger Root is informed and believes, and based thereon alleges, that, for
10 | all times relevant hereto, a unity of interest and ownership between APP, PJH-AZ, PJH-
11 | NV, Renshaw, and ROES 1-100, inclusive, existed such that any individuality and
12 | separateness between said Defendants has ceased. Ginger Root is further informed and
13 | believes, and based thereon alleges, that APP, PJH-AZ, PJH-NV, Renshaw, and ROES
14 | 1-100, inclusive, are the alter-ego's of one another based on the following:

15 |     a.     During all times relevant hereto, APP was insufficiently capitalized in
16 | comparison with the scope and manner of business which it performed and the
17 | risks attendant thereto, such that its capitalization was trifling; and/or

18 |     b.     PJH-AZ, PJH-NV, Renshaw, and/or ROES 1-100, inclusive, utilized
19 | the assets, funds, equipment, and/or capital of APP for their own purposes and
20 | use, and caused such assets to be transferred to them and/or encumbered by
21 | them without adequate consideration, and/or withdrew and used bank account and
22 | other funds of APP for their own use without adequate consideration; and/or

23 |     c.     APP was merely a shell, conduit, and/or instrumentality through
24 | which PJH-AZ, PJH-NV, Renshaw, and/or ROES 1-100, inclusive, its/their
25 | personal business; and/or

26 |     d.     PJH-AZ, PJH-NV, Renshaw, and/or ROES 1-100, inclusive,
27 | exercised such complete control over APP and its business activities to such
28 | extent that its separateness, individuality, and independence from said Defendants

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 9900 • FAX 818 551 9950

AA00036

1   did not exist and continues not to exist to this date; and/or

2        e.        Corporate formalities recognizing the separateness of APP as an

3   entity separate and apart from PJH-AZ, PJH-NV, Renshaw, and/or ROES 1-100,

4   inclusive, were not observed, including but not limited to failure to conduct

5   meetings of the board of directors and shareholders, failure to maintain corporate

6   minutes of the decisions of the board of directors, failure to issue stock, and failure

7   to elect corporate officers and directors.

8        11.    Ginger Root is informed and believes, and based thereon alleges, that, for

9   all times relevant hereto, adherence to the fiction of the separate existence of APP as an

10  entity separate, distinct, and independent from PJH-AZ, PJH-NV, Renshaw, and ROES

11  1-100, inclusive, would sanction a fraud on the creditors of APP for the reasons set forth

12  in the preceding Paragraph, all for the purpose of avoiding and preventing attachment

13  and execution by creditors and other parties to which APP was or became liable,

14  including Ginger Root, thereby rendering APP unable to meet its financial obligations.

15                          **FIRST CAUSE OF ACTION**

16        **(Implied Contractual Indemnity Against All Cross-Defendants)**

17       12.    Ginger Root incorporates by reference each and every allegation contained

18  in Paragraphs 1 through 11 of this pleading as though fully set forth herein.

19       13.    Ginger Root has denied the allegations of Plaintiff's Complaint, and, without

20  admitting the allegations contained therein, if it is found that Ginger Root is liable for any

21  such damage to Plaintiff, then Ginger Root is informed and believes and thereon alleges

22  that such damage is primarily and ultimately caused by the acts, breaches and/or

23  omissions of the Cross-Defendants, and each of them, whereas Ginger Root's acts, if

24  any, were secondary, passive or derivative in nature.

25       14.    By reason of the foregoing, if Plaintiff recover against Ginger Root, Ginger

26  Root is entitled to indemnity from the Cross-Defendants, and each of them, for injuries

27  and damages sustained by Plaintiff, if any, for any sums paid by way of settlement, or in

28  the alternative, any judgment rendered against Ginger Root in the action herein based

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818.551.6000 ♦ FAX 818.551.6050

AA00037

1   upon Plaintiff's Complaint and any cause of action alleged therein.

2       15.   Ginger Root has retained the services of WOOD, SMITH, HENNING &

3   BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

4   attorneys' fees and other litigation fees in the defense of this action and prosecution of

5   this Cross-Complaint.  Ginger Root will seek leave of Court to amend this

6   Cross-Complaint to show the amount of said costs and attorneys' fees when the same

7   become known to Ginger Root.

8   **SECOND CAUSE OF ACTION**

9   **(Total Indemnity Against All Cross-Defendants)**

10       16.   Ginger Root incorporates by reference each and every allegation contained

11   in Paragraphs 1 through 15 of this pleading as though fully set forth herein.

12       17.   By reason of the foregoing, if Plaintiff recovers any sums against Cross-

13   Complainant, then Cross-Complainant is entitled to total indemnity from Cross-

14   Defendants, and each of them, for injuries and damages sustained by Plaintiff, if any, for

15   any sums paid by way of settlement, or in the alternative, judgment rendered against

16   Cross-Complainants, in the action herein based upon Plaintiff's Complaint.

17   **THIRD CAUSE OF ACTION**

18   **(Equitable Indemnity Against All Cross-Defendants)**

19       18.   Ginger Root incorporates by reference each and every allegation contained

20   in Paragraphs 1 through 17 of this pleading as though fully set forth herein.

21       19.   In equity and good conscience, if Plaintiff recovers against Ginger Root,

22   then Ginger Root is entitled to equitable indemnity, apportionment of liability, contribution

23   among, and from, the Cross-Defendants, and each of them, according to their respective

24   fault, for the injuries and damages allegedly sustained by Plaintiff, if any, by way of sums

25   paid in settlement, or in the alternative, any judgments rendered against Ginger Root in

26   the action herein based upon Plaintiff's Complaint for, among other things, breach of

27   contract.

28       20.   Ginger Root expressly denies the allegations of the Complaint and any

*(sidebar, left margin)* WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 ♦ FAX 818 551 6051

LEGAL:5685-069/769042.1

-6-

FIRST AMENDED CROSS-COMPLAINT OF GINGER ROOT OFFICE ASSOCIATES LLC

20

AA00038

1  breach, negligence or other wrongdoing on their part. Should Ginger Root nevertheless

2  be found liable for breach of contract, negligence or any other alleged wrongdoings with

3  respect to the allegations of the Complaint, the acts and/or omissions of Ginger Root

4  were passive and secondary, while those of Cross-Defendants, and each of them, were

5  active, primary and superseding. Thus, as a direct, proximate and foreseeable result of

6  the wrongdoing of Cross-Defendants herein, and each of them, Ginger Root is entitled to

7  equitable indemnity from any and all liability adjudged against them by Plaintiff.

8      21.    As a direct, proximate and foreseeable result of the filing of the Complaint,

9  Ginger Root has been compelled to incur attorney's fees, Court costs and the expense of

10  this cross-action and Ginger Root will seek leave of Court to amend this Cross-Complaint

11  to set forth the amount of said damages when the same have been ascertained.

12      22.    Should Plaintiff recover any amount of damages against Ginger Root by

13  way of judgment, settlement or otherwise, then Ginger Root by reason of the foregoing

14  and in equity and good conscience, is entitled to an equitable apportionment of the

15  liability of Cross-Defendants, and each of them, on a comparative fault basis and a

16  judgment against Cross-Defendants, and each of them, under the doctrine of implied

17  indemnity and in an amount equal to their respective liabilities as so apportioned.

18  **FOURTH CAUSE OF ACTION**

19  **(Express Indemnity Against All Cross-Defendants)**

20      23.    Ginger Root incorporates by reference each and every allegation contained

21  in Paragraphs 1 through 22 of this pleading as though fully set forth herein.

22      24.    Ginger Root is informed and believes, and thereon alleges, that, beginning

23  in or about April 1989, APP did, pursuant to its former name, "PJH Group," become party

24  to a lease agreement for the Property with Ginger Root's predecessor whereby APP

25  commenced business operations on the Property consisting of manufacturing,

26  assembling, packaging, mixing, distributing, and warehousing of paint, paint supplies,

27  aerosol, and related materials, as well as general distribution and marketing.

28      25.    APP, and all other Cross-Defendants by and through APP, conducted their

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 • FAX 818 551 6050

1   business operations on the Property pursuant to said lease (including extensions thereto)

2   until March 21, 2001, on which date Cross-Defendants, by and through APP, entered into

3   a new lease agreement with Ginger Root (hereafter, the "Lease"), thereby enabling their

4   continued use of the Property until November 30, 2004, which period was subsequently

5   extended to November 30, 2007.

6        26.    The Lease contains, among other things, an express indemnity clause, the

7   terms of which will be subject to proof at the time of trial.  Said express indemnity clause

8   provides that APP was obligated, inter alia, to pay when due all claims for labor or

9   materials furnished or alleged to have been furnished to or for APP at or for use on the

10  Property, and to keep and maintain the Property free and clear of all mechanic's liens

11  arising from work by parties on behalf of APP.  By virtue of their relationship with APP,

12  PJH-NV, PJH-AZ, Renshaw, and ROES 1-100, inclusive, were likewise bound by the

13  above-stated obligations.

14       27.    Ginger Root is informed and believes, and thereon alleges, that the

15  charges, unpaid balances, and damages claimed by Plaintiff involved work which Plaintiff

16  performed on the Property on behalf of, and pursuant to the direction of, APP and all

17  other Cross-Defendants; and that said damages were caused by Cross-Defendants and

18  due to Cross-Defendant's failure to pay claims by Plaintiff and other parties for labor and

19  material furnished to the Property, as was APP's obligation under the Lease.

20       28.    Ginger Root has retained the services of WOOD, SMITH, HENNING &

21  BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

22  attorneys' fees and other litigation costs in the defense of this action and prosecution of

23  this Cross-Complaint.  Ginger Root will seek leave of this court to amend this Cross-

24  Complaint to show the amount of said costs and attorneys' fees when the same becomes

25  known.

26                        **FIFTH CAUSE OF ACTION**

27                **(Contribution Against All Cross-Defendants)**

28       29.    Ginger Root incorporates by reference each and every allegation contained

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 ♦ FAX 818 551 6030

AA00040

1  in Paragraphs 1 through 28 of this pleading as though fully set forth herein.

2      30.   Ginger Root contends that, if Ginger Root is held liable to Plaintiff pursuant

3  to its Complaint, Ginger Root will be entitled to contribution from Cross-Defendants for

4  the payment of any said judgment.

5  **SIXTH CAUSE OF ACTION**

6  **(Negligence Against: Tank Leakage; Against All Cross-Defendants)**

7      31.   Ginger Root incorporates by reference each and every allegation contained

8  in Paragraphs 1 through 30 of this pleading as though fully set forth herein.

9      32.   As entities engaged in the business of manufacturing, assembling,

10  packaging, mixing, distributing, storing and warehousing of paint, paint supplies, aerosol,

11  and related materials on the Property, Cross-Defendants had a duty to exercise that

12  standard of care which a reasonably-prudent party in the business would exercise, and to

13  conduct all of their manufacturing, assembly, packaging, and other operations in

14  accordance with industry standards.

15      33.   In addition, Ginger Root is informed and believes, and based thereon

16  alleges, that at various times during their operations on the Property, and continuing

17  throughout 2005, Cross-Defendants stored large quantities of chemical liquids, gasses,

18  and other materials hazardous to human health and the environment (including but not

19  limited to materials deemed to be "Hazardous Substances" as defined by Section 10(14)

20  of the Comprehensive Environmental Response, Compensation, and Liability Act of

21  1980; "CERCLA") [42 U.S.C. § 9601(14)]) in tanks on the Property for use in their

22  business operations. As such, Cross-Defendants had a duty to exercise that standard of

23  care which a reasonably-prudent party in the business would exercise with respect to the

24  storage of said Hazardous Substances in tanks at the Property.

25      34.   Ginger Root is informed and believes, and based thereon alleges, that

26  Cross-Defendants breached the above-described duties by failing to properly handle,

27  store, care for, and/or use certain of the Hazardous Substances on the Property, and that

28  such failing resulted in large quantities of said Hazardous Substances to leak from

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818.551.6000 • FAX 818.551.6050

AA00041

1 | storage tanks owned and/or utilized by said parties into the soils on and under the

2 | Property, resulting in contamination of the soils.

3 |      35.      As a result of the above-described leakage, said Hazardous Substances

4 | migrated throughout various sub-surface areas under the Property, continue to migrate

5 | throughout the sub-surface areas of the Property, and might have migrated to sub-

6 | surface areas outside the Property.  Such migration is continuous, ongoing, and is

7 | presently occurring at and under the Property.  The presence of said Hazardous

8 | Substances continues to exist at and under the Property.

9 |      36.   In addition, Ginger Root is informed and believes, and on that basis alleges,

10 | that, in response to the leakage and migration of Hazardous Substances specified

11 | hereinabove (hereafter, the "Sub-Surface Contamination"), at some point in 2005 Cross-

12 | Defendants, by and through APP, contracted with Plaintiff to provide clean-up of the Sub-

13 | Surface Contamination, but that Cross-Defendants failed to pay Plaintiff the amounts

14 | which were properly owed to it for such work, leaving Plaintiff wholly or partly unsatisfied

15 | for the above-described work, whereupon Plaintiff filed a mechanic's lien against the

16 | Property and instituted the present action against Ginger Root for such payment.

17 |      37.      As a direct and proximate result of the foregoing breaches in duty, Ginger

18 | Root suffered damages as follows:

19 |           a.      The Property was contaminated with Hazardous Substances and

20 |      continues to undergo Sub-Surface Contamination as described above, thereby

21 |      diminishing the value of the Property, precluding Ginger Root from utilizing the

22 |      Property for business purposes, precluding Ginger Root from leasing the Property

23 |      for its otherwise full fair market value, and precluding Ginger Root from putting the

24 |      Property to the highest and best economic use that it otherwise could be put;

25 |           b.      The Sub-Surface Contamination has created a liability on the part of

26 |      Ginger Root pursuant to CERCLA and other environmental statutes, regulations,

27 |      and ordinances, subjecting Ginger Root to related costs for abatement,

28 |      remediation, clean-up, monitoring, and any fines and penalties relating thereto;

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 ◆ FAX 818 551 6050

LEGAL:5685-069/769042.1

**-10-**

FIRST AMENDED CROSS-COMPLAINT OF GINGER ROOT OFFICE ASSOCIATES LLC

24

AA00042

1       c.     Soils at and under the Property have been damaged or destroyed,

2   and continue to undergo further damage and/or destruction, as a result of the Sub-

3   Surface Contamination and continuing migration of Hazardous Substances.  As

4   such, the Sub-Surface Contamination has diminished the value of the Property,

5   precluding Ginger Root from utilizing the Property for business purposes,

6   precluding Ginger Root fro leasing the Property for its otherwise full fair market

7   value, and precluding Ginger root from putting the Property to the highest and best

8   economic use that it otherwise could be put;

9       d.     In or about 2005, Plaintiff performed work at the Property to remedy

10  the Sub-Surface Contamination but was not paid by Cross-Defendants, such that

11  the Sub-Surface Contamination was not abated, causing Plaintiff to file a lien

12  against the Property and institute the current action against Ginger Root,

13  subjecting Ginger Root to liability for funds owed by Cross-Defendants to Plaintiff,

14  clouding title to the Property, and subjecting the property to foreclosure;

15       e.     Ginger Root and the Property have incurred other additional

16  damages to be specified and proven at trial.

17      38.    Due to such breaches in duty and resulting harm, Ginger Root has incurred

18  damages in excess of $1,000,000, the exact amount of which to be proven at trial.

19      39.    Ginger Root has retained the services of WOOD, SMITH, HENNING &

20  BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

21  attorneys' fees and other litigation costs in the defense of this action and prosecution of

22  this Cross-Complaint.  Ginger Root will seek leave of this Court to amend its Cross-

23  Complaint to show the amount of said costs and attorneys' fees when the same becomes

24  known.

25                  **SEVENTH CAUSE OF ACTION**

26      **(Breach of Contract:  Tank Leakage; Against All Cross-Defendants)**

27      40.    Ginger Root incorporates by reference each and every allegation contained

28  in Paragraphs 1 through 39 of this pleading as though fully set forth herein.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818.551.6000 • FAX 818.551.6050

AA00043

41.     Pursuant to the Lease, Cross-Defendants had an affirmative duty to undertake and perform the following:

a.      To defend and indemnify Ginger Root for all liabilities, costs, claims, liens, and other damages resulting from the presence or release of hazardous materials on the Property;

b.      To investigate and remediate any contamination of hazardous materials on the Property;

c.      To comply with all laws, codes, regulations, and ordinances with respect to the conduct of its business operations; and to conduct its business operations in conformance with such laws, codes, regulations, and ordinances;

d.      To notify Ginger Root of the presence of any hazardous materials on the Property;

e.      To obtain Ginger Root's consent prior to allowing hazardous materials to be present on the Property;

f.      To ensure that no hazardous materials are spilled or released in, on, or under the Property;

g.      To pay when due all claims for labor and materials furnished to the Property on behalf of APP, and to take all necessary steps to ensure that no mechanic's liens or other encumbrances are recorded against the Property as a result of such provision of labor or materials; and

h.      To defend, indemnify, and hold Ginger Root harmless against all claims, losses, and other damages arising out of or involving APP's occupancy of the Property, conduct on the Property, business operations, and/or neglect.

42.     Ginger Root has performed each and every obligation, and has discharged all duties, it has under the Lease.

43.     Cross-Defendants have breached their obligations under the Lease by failing and neglecting to properly perform each and every duty and obligation described above.  In particular, Cross-Defendants failed to properly maintain Hazardous

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818.551.6000 • FAX 818.551.6050

AA00044

1    Substances in storage tanks at the Property, leading to leakage and Sub-Surface

2    Contamination as described above.

3        44.    As a result of the breach by Cross-Defendants of the Lease, Ginger Root

4    has been damaged in excess of $1,000,000, the exact amount according to proof at the

5    time of trial.

6        45.    Ginger Root has retained the services of WOOD, SMITH, HENNING &

7    BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

8    attorneys' fees and other litigation costs in the defense of this action and prosecution of

9    this Cross-Complaint.  Ginger Root will seek leave of this Court to amend its Cross-

10   Complaint to show the amount of said costs and attorneys' fees when the same becomes

11   known.

12                        **EIGHTH CAUSE OF ACTION**

13              **(Nuisance:  Tank Leakage; Against All Cross-Defendants)**

14       46.    Ginger Root incorporates by reference each and every allegation contained

15   in Paragraphs 1 through 45 of this pleading as though fully set forth herein.

16       47.    As a result of the aforementioned acts and omissions of Cross-Defendants

17   which caused Sub-Surface Contamination to occur on the Property, Cross-Defendants

18   negligently or recklessly caused Hazardous Substances to be released in, on, and under

19   the Property.

20       48.    Cross-Defendants have failed to abate, remediate, clean-up, or otherwise

21   remedy the Sub-Surface Contamination.

22       49.    By reason of the above acts, Cross-Defendants have unlawfully interfered

23   with Ginger Root's right to use and enjoyment of the Property, and have caused severe

24   damage thereto as identified in this Cross-Complaint above.  Such interference and

25   damages are in excess of $1,000,000, the exact amount according to proof at the time of

26   trial.

27       50.    Ginger Root has retained the services of WOOD, SMITH, HENNING &

28   BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818.551.6000 ♦ FAX 818.551.6030

LEGAL:5685-069/769042.1
                                          -13-

AA00045

1   attorneys' fees and other litigation costs in the defense of this action and prosecution of

2   this Cross-Complaint. Ginger Root will seek leave of this Court to amend its Cross-

3   Complaint to show the amount of said costs and attorneys' fees when the same becomes

4   known.

**NINTH CAUSE OF ACTION**

**(Negligence: Other; Against All Cross-Defendants)**

7       51.     Ginger Root incorporates by reference each and every allegation contained

8   in Paragraphs 1 through 50 of this pleading as though fully set forth herein.

9       52.     As entities engaged in the business of manufacturing, assembling,

10   packaging, mixing, distributing, and warehousing of paint, paint supplies, aerosol, and

11   related materials constituting Hazardous Substances on the Property, Cross-Defendants

12   had a duty to exercise that standard of care which a reasonably-prudent party in the

13   business would exercise, and to conduct all of their manufacturing, assembly, packaging,

14   and other operations in accordance with industry standards.

15       53.     Ginger Root is informed and believes, and based thereon alleges, that in on

16   about January 9, 2006, Cross-Defendants breached this duty by failing to properly handle

17   propane fuels and other equipment and/or materials utilized in its business operations,

18   such that volatile and flammable fluids and/or gasses were ignited, causing an explosion

19   and fire to occur on the Property.

20       54.     As a result of the January 9, 2006 explosion and fire (the "Incident"), one of

21   APP's employees who was then present on the property was killed, and two of APP's

22   other employees then on the property were critically burned and remain injured to this

23   day.

24       55.     In addition, as a result of the Incident, various chemical liquids, gasses, and

25   other materials hazardous to human health and the environment, including but not limited

26   to Hazardous Substances, were released on to and under the Property, and on to and

27   under other real property, including real adjacent to the Property (hereafter, the "Incident

28   Contamination").

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 • FAX 818 551 6050

LEGAL:5685-069/769042.1

-14-

2B

AA00046

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 ♦ FAX 818 551 6050

56.     In addition, as a result of the Incident, various portions of the Property were damaged or destroyed, including but not limited to structures on the Property, improvements on the Property, soils on and under the Property, and other elements of the Property.

57.     In addition, Ginger Root is informed and believes, and on that basis alleges, that, as a result of the Incident Contamination, Cross-Defendants arranged for Plaintiff and Enviroserv to clean-up Hazardous Substances on to the Property and at other locations, but that Cross-Defendants failed to pay Plaintiff or Enviroserv the amounts which were properly owed to them for such work relating to the Incident Contamination, leaving Plaintiff and Enviroserv wholly or partly unsatisfied for the above-described work. Plaintiff and Enviroserv thereafter each filed mechanic's liens against the Property, Plaintiff instituted the present action against Ginger Root, and Enviroserv instituted a related action (Los Angeles County Superior Court Case No. YC053248), each seeking payment relating to the Incident Contamination.

58.     As a direct and proximate result of the foregoing breaches in duty and the resulting Incident Contamination, Ginger Root suffered damages as follows:

a.      The Property was contaminated with Hazardous Substances as described above, thereby diminishing the value of the Property, precluding Ginger Root from utilizing the Property for business purposes, precluding Ginger Root from leasing the Property for its otherwise full fair market value, and precluding Ginger Root from putting the Property to the highest and best economic use that it otherwise could be put;

b.      Ginger Root might be subject to claims relating the death and injuries to APP employees present on the Property and killed and injured as a result of the explosion and fire;

c.      Pursuant to its authority under CERCLA, the United States Environmental Protection Agency ("EPA") issued Unilateral Administrative Order For The Performance Of A Removal Action (US EPA Docket No. 9-2006-001A;

AA00047

hereafter, the "EPA Order") identifying Ginger Root, APP, PJH-AZ, and Renshaw as parties responsible for removing all Hazardous Substances specified therein from the Property, and ordering Ginger Root and said other parties to do so along with related actions;

d.    Pursuant to its authority under CERCLA, the EPA has performed various removal and/or clean-up activities of Hazardous Substances on the Property and/or adjacent property(ies), the costs for which are a liability of Ginger Root and Cross-Defendants;

e.    Ginger Root faces various costs, charges, fines, penalty, and administrative charges of the EPA in the event the Incident Contamination is not removed as required by the EPA Order;

f.    The Property and adjacent properties were contaminated with Hazardous Substances as described above, creating a liability on the part of Ginger Root pursuant to other environmental statutes, regulations, and ordinances, and subjecting Ginger Root to related costs for abatement, remediation, clean-up, monitoring, and any fines and penalties relating thereto;

g.    As a result of the Incident, Hazardous Substances as described above were deposited on, or flowed to, other real property, including adjacent property, as a result of the fire and explosion, creating potential liability on the part of Ginger Root for trespass and other claims based upon such migration;

h.    The Property and structures, improvements, soils, and other elements thereof were damaged or destroyed, diminishing the value of the Property, precluding Ginger Root from utilizing the Property for business purposes, precluding Ginger Root from leasing the Property for its otherwise full fair market value, and precluding Ginger root from putting the Property to the highest and best economic use that it otherwise could be put;

i.    Plaintiff and Enviroserv responded to the Incident Contamination at the Property and at other locations (separate and apart from Plaintiff's work

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 ♦ FAX 818 551 6050

LEGAL:5685-069/769042.1

-16-

30

AA00048

1  relating to the Sub-Surface Contamination, described above), filed liens against

2  the Property, and instituted the present action and Enviroserv's related action

3  against Ginger Root, subjecting Ginger Root to liability for funds owed by Cross-

4  Defendants to Plaintiff and Enviroserv, clouding title to the Property, and

5  subjecting the Property to foreclosure;

6         j.    Ginger Root and the Property have incurred other additional

7  damages to be specified and proven at trial.

8      59.    Due to such breaches in duty and resulting harm, Ginger Root has incurred

9  damages in excess of $1,000,000, the exact amount of which to be proven at trial.

10      60.    Ginger Root has retained the services of WOOD, SMITH, HENNING &

11  BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

12  attorneys' fees and other litigation costs in the defense of this action and prosecution of

13  this Cross-Complaint. Ginger Root will seek leave of this Court to amend its Cross-

14  Complaint to show the amount of said costs and attorneys' fees when the same becomes

15  known.

16                 **TENTH CAUSE OF ACTION**

17         **(Breach of Contract: Other; Against All Cross-Defendants)**

18      61.    Ginger Root incorporates by reference each and every allegation contained

19  in Paragraphs 1 through 60 of this pleading as though fully set forth herein.

20      62.    Pursuant to the Lease, Cross-Defendants had an affirmative duty to

21  undertake and perform the following:

22         a.    To defend and indemnify Ginger Root for all liabilities, costs, claims,

23  liens, and other damages resulting from the presence or release of hazardous

24  materials on the Property;

25         b.    To investigate and remediate any contamination of hazardous

26  materials on the Property;

27         c.    To comply with all laws, codes, regulations, and ordinances with

28  respect to the conduct of its business operations; and to conduct its business

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818.551.6000 ♦ FAX 818.551.6050

LEGAL:5685-069/769042.1

-17-

31

AA00049

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 • FAX 818 551 6050

1   operations in conformance with such laws, codes, regulations, and ordinances;

2           d.      To notify Ginger Root of the presence of any hazardous materials on

3   the Property;

4           e.      To obtain Ginger Root's consent prior to allowing hazardous

5   materials to be present on the Property;

6           f.      To ensure that no hazardous materials are spilled or released in, on,

7   or under the Property;

8           g.      To pay when due all claims for labor and materials furnished to the

9   Property on behalf of Cross-Defendants, and to take all necessary steps to ensure

10  that no mechanic's liens or other encumbrances are recorded against the Property

11  as a result of such provision of labor or materials; and

12          h.      To defend, indemnify, and hold Ginger Root harmless against all

13  claims, losses, and other damages arising out of or involving Cross-Defendants'

14  occupancy of the Property, conduct on the Property, business operations, and/or

15  neglect.

16      63.     Ginger Root has performed each and every obligation, and has discharged

17  all duties, it has under the Lease.

18      64.     Cross-Defendants have breached the Lease by failing and neglecting to

19  properly perform each and every duty and obligation described above.  In particular,

20  Cross-Defendants failed to properly handle propane fuels and other equipment and/or

21  materials utilized in its business operations, leading to the Incident and resulting Incident

22  Contamination described above.

23      65.     As a result of the breach of the Lease by Cross-Defendants, Ginger Root

24  has been damaged in excess of $1,000,000, the exact amount according to proof at the

25  time of trial.

26      66.     Ginger Root has retained the services of WOOD, SMITH, HENNING &

27  BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

28  attorneys' fees and other litigation costs in the defense of this action and prosecution of

32

AA00050

1  this Cross-Complaint. Ginger Root will seek leave of this Court to amend its Cross-

2  Complaint to show the amount of said costs and attorneys' fees when the same becomes

3  known.

### ELEVENTH CAUSE OF ACTION

#### (Nuisance: Other; Against All Cross-Defendants)

6      67.    Ginger Root incorporates by reference each and every allegation contained

7  in Paragraphs 1 through 66 of this pleading as though fully set forth herein.

8      68.    As a result of the aforementioned acts and omissions of Cross-Defendants

9  which caused the Incident, Cross-Defendants negligently or recklessly caused the

10  Incident Contamination on the Property and at other locations.

11      69.    Cross-Defendants have failed to abate, remediate, clean-up, or otherwise

12  remedy the Incident Contamination. In addition, Cross-Defendants have failed to repair

13  the structures, appurtenances, buildings, and fixtures on the Property which were

14  damaged as a result of the Incident.

15      70.    By reason of the above acts, and the Incident Contamination, Cross-

16  Defendants have unlawfully interfered with Ginger Root's right to use and enjoyment of

17  the Property, and have caused severe damage thereto as identified in this Cross-

18  Complaint above. Such interference and damages are in excess of $1,000,000, the

19  exact amount according to proof at the time of trial.

20      71.    Ginger Root has retained the services of WOOD, SMITH, HENNING &

21  BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees,

22  attorneys' fees and other litigation costs in the defense of this action and prosecution of

23  this Cross-Complaint. Ginger Root will seek leave of this Court to amend its Cross-

24  Complaint to show the amount of said costs and attorneys' fees when the same becomes

25  known.

### TWELFTH CAUSE OF ACTION

#### (Declaratory Relief re: Duty to Defend; Against All Cross-Defendants)

28      72.    Ginger Root refers to and incorporates herein by this reference each and

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 N. BRAND BLVD., SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551 6000 • FAX 818 551 6050

AA00051